[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16414
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00363-CV-J-25-HTS

RING POWER CORPORATION,
a Florida corporation,

                                                      Plaintiff-Appellee,

                              versus

AMERISURE INSURANCE COMPANY,
a foreign corporation,
AMERISURE MUTUAL INSURANCE COMPANY,
a foreign profit corporation,

                                                      Defendants-Appellants.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Amerisure Insurance Company and Amerisure Mutual Insurance Company (together "Amerisure") appeal the United States District Court for the Middle District of Florida's grant of summary judgment on behalf of Ring Power Corporation ("Ring Power") declaring that Ring Power is an "additional insured" under Associated Construction's ("Associated") insurance contract with Amerisure.

Ring Power leased a Caterpillar Multi Terrain Loader, Model 277B, to Associated. Associated allowed its subcontactor, R&R Brick and Block Corporation ("R&R"), to use the leased equipment. When Fabiano Cantao, an R&R employee, was operating the equipment, he backed over the edge of an unmarked ditch, was trapped under water, and drowned. Mr. Cantao's Personal Representative and parents sued, among others, both Associated and Ring Power.

Ring Power brought a declaratory judgment action against Amerisure, seeking to be declared a covered insured. The district court found that, under the plain language of Amerisure's insurance contract with Associated, Ring Power is an additional insured.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court. *Beshers v. Harrison*, 495

F.3d 1260, 1265 (11th Cir. 2007). We resolve all genuine issues of material fact in favor of the non-moving party. *Id.* We review the interpretation of an insurance contract *de novo*. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997) (per curiam).

We agree with the district court that Ring Power is an additional insured under the plain language of the Commercial General Liability Coverage Form ("CGLCF"), Associated's insurance contract with Amerisure. Ring Power's Rental Agreement with Associated includes the following indemnification language: "Lessee shall defend, indemnify and hold harmless Lessor . . . against all loss, liability and expenses . . . by reason of bodily injury including death. . . ." Thus, Associated specifically assumed liability to indemnify Ring Power for bodily injury resulting from Associated's rental of equipment. Correspondingly, Ring Power's Rental Agreement with Associated qualifies as an "insured contract" under Associated's insurance contract with Amerisure, as it is a "contract . . . under which [Associated] assume[s] the tort liability of another party to pay for 'bodily injury'. . . to a third person. . . ." Associated's insurance contract with Amerisure covers liability "[a]ssumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement. . . ." Thus, Ring Power is an additional

3

insured under the plain language of the CGLCF by virtue of its insured contract with Associated.

Moreover, Ring Power is an additional insured under the plain language of the Advantage General Liability Extension Endorsement ("AGLEE"), which modifies the CGLCF. The AGLEE includes the following language, expanding the breadth of those insured under the CGLCF:

3. Each of the following is also an insured.

> h. Any person or organization who is the lessor of equipment leased to you to whom you are obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to their liability arising out of the maintenance, operation or use by you of such equipment.

Amerisure contends that since "you" refers to the Named Insured, here, Associated, Ring Power's insured contract cannot qualify because the rented equipment was being operated by an R&R employee at the time of the accident. As such, Amerisure argues, Ring Power's liability does not arise out of "operation . . . by [Associated]." We disagree.

The relevant question is whether R&R's operation of the equipment "ar[ose] out" of Associated's "use" of the equipment. "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection

4

with' the use of the" equipment. *Hagen v. Aetna Cas. & Sur. Co.*, 675 So.2d 963 (Fla. 5th Dist. Ct. App. 1996) (en banc). Associated allowed its subcontractor to use the rented equipment; R&R's use certainly flowed from and had a connection with Associated's use of the equipment. Accordingly, because R&R's use of the equipment arose out of Associated's use, Ring Power is an insured under the plain language of the AGLEE.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**